[No. 21190. Department One. July 27, 1928.]

CARL E. MENDE, *Respondent*, v. FRANCES MENDE, *Defendant*, PENN MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, *Appellant*.[1]

[1] APPEAL (87, 88)—RIGHT TO APPEAL—PARTIES INTERESTED IN SUBJECT MATTER OR AGGRIEVED—STAKE HOLDER. Where an insurance company is a mere stake holder of the surrender value of a life insurance policy, it has no right to appeal from a judgment which decrees that the insured had the sole right to change the beneficiary and had done so, and had surrendered the policy with proper application for the payment, in an action in which the former beneficiary was duly made a party and defaulted and was bound by the decision.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 16, 1927, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hartman & Hartman*, for appellant.

*Hovey & Anderson*, for respondent.

TOLMAN, J.—Respondent as plaintiff brought this action to recover the cash surrender value of a certain policy of life insurance issued on his life by the appellant. His former wife, Frances Mende, was made a party defendant in the action for the purpose of determining and excluding any possible interest which she might have in the policy or its proceeds. She, not being found in the state, proper service by publication of summons was had upon her so as to confer jurisdiction of the *rem* upon the trial court. No question is raised as to the sufficiency of the service nor is the court's jurisdiction in any way here attacked.

[1]Reported in 269 Pac. 494.

The former wife defaulted and the cause came on for trial before the court, sitting without a jury, on issues joined with the defendant insurance company, which alone appeared in defense of the action.

[1] The court made findings to the effect that the policy in question was duly issued on March 10, 1921, and that by its terms the plaintiff, as the insured, had the right at any time to change the beneficiary and to obtain the cash surrender value; that the annual premiums had been paid, all but the last being paid while the insured and the beneficiary were husband and wife; that on October 31, 1925, an interlocutory decree of divorce was entered in favor of the insured and against the beneficiary in a proper proceeding, which decree adjudged that there was no community property belonging to the parties to that action and that after the expiration of six months, a final decree of divorce was entered in that cause, which is now in full force and effect.

The court further found that the plaintiff had taken all of the proper steps to revoke the designation of Frances Mende as the beneficiary and to substitute his father W. T. Mende as beneficiary under the policy and that thereafter, he, with the approval of the new beneficiary, had made proper application and demand for the cash surrender value of the policy, but that the insurance company had refused to recognize the steps so taken and declined to pay the cash surrender value because of the supposed community character of the fund and the possible interest of Frances Mende therein.

The court further found that the insured had the right to change the beneficiary and surrender the policy and receive its cash value in the following language:

"The said plaintiff as manager of the marital community while it existed between the plaintiff and the defendant Frances Mende, had full power, right and authority under the laws of the state of Washington to deal with, handle, receive and acquire the surrender value of said policy or any part thereof without procuring or being required to procure the written consent, approval or authority of the said Frances Mende while as a member of the marital community, or otherwise, and that under the law of this state the said plaintiff complied with the entire requirements when he filed the request and consent which he did with the said insurance company to receive the surrender value of the same, and the same should then have been paid to the said plaintiff because the said Frances Mende at no time had any right, power, authority or control thereover or of any part thereof."

The findings were followed by appropriate conclusions of law and by a judgment and decree in accordance therewith.

The defendant insurance company has appealed, and by its assignments of error invites us to consider and cover the whole field of the legal effect to be given to those provisions of the policy which give the insured the sole right to change the beneficiary.

We think the questions which appellant is attempting to raise are not now properly before us. The former wife and the first beneficiary is bound by the decree entered below and has not appealed therefrom. If there be any error in that decree, she is the sole party aggrieved, and if she be satisfied with the result, which excludes her from any interest in the policy or its proceeds, by what right can the insurance company, which is a mere stake holder, question it?

It seems to us that, by the decree entered below, the insurance company has gained immunity from future demands by the former wife and beneficiary, and that

is everything to which it is entitled. Certainly it is not aggrieved by the judgment of which it now complains, and therefore it has no right of appeal.

The judgment is affirmed.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.